UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Richard S. Crosby

    v.                                                      Civil No. 22-cv-234-SE
                                                          Opinion No. 2022 DNH 099

Social Security Administration

O R D E R

Richard Crosby, proceeding pro se, brought suit in Hillsborough County (New Hampshire) Superior Court against the Social Security Administration ("SSA"), alleging that the SSA fraudulently altered his last-insured date, which led to a termination of his social security disability insurance benefits. The SSA removed the case to this court and moves to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction, and 12(b)(6), for failure to state a claim upon which relief can be granted. Doc. no. 5.

After the SSA's motion was fully briefed, Crosby filed a "Petition the Court for Consideration" (doc. no. 16), a "Secondary Petition the Court for Consideration" (doc. no. 17), and a "Motion to Amend Statement of Case" (doc. no. 21). In those filings, Crosby clarifies and adds allegations to his complaint in response to the SSA's motion to dismiss. In light of Crosby's pro se status, the court considers document nos. 16,

17, and 21 to be addenda to the complaint. Because the allegations in the addenda do not change the shortcomings of Crosby's claims, the court rules on the motion without affording the SSA the opportunity to file a renewed motion to dismiss that addresses the additional allegations.

## Background[1]

At some point prior to November 2014, Crosby applied for social security disability insurance benefits. On November 7, 2014, an SSA Administrative Law Judge ("ALJ") issued a decision on Crosby's application. The ALJ found that Crosby was disabled and entitled to disability insurance benefits, beginning on March 1, 2013.

---

[1] The facts in this section are taken from Crosby's complaint, including the addenda, and the SSA Appeals Council's decision that determined that Crosby was not entitled to disability insurance benefits. The court considers the decision because it was included with the SSA's motion to dismiss, Crosby's claims arise out of the decision, and Crosby does not dispute the document's authenticity. Trans-Spec Truck Serv., Inc. v. Caterpillar Inc., 524 F.3d 315, 321 (1st Cir. 2008) ("When . . . a complaint's factual allegations are expressly linked to—and admittedly dependent upon—a document (the authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6).") (quotation and brackets omitted).

On April 10, 2015, the SSA Appeals Council ("Council") notified Crosby of its intention to reopen the ALJ's decision based upon a revised report from the Internal Revenue Service ("IRS") that triggered the SSA to reconsider certain years of Crosby's reported self-employment income. In light of the IRS report, the Council proposed to issue a decision finding that Crosby was not entitled to disability benefits based on a disability onset date of March 1, 2013. The notice gave Crosby 30 days to submit any comments or new and material evidence. He did not do so.

On July 6, 2015, the Council issued a final decision, finding that the updated evidence showed that Crosby was not entitled to disability benefits as of March 1, 2013 ("Final Decision"). The Council explained that a social security disability claimant is not entitled to benefits unless the claimant has "20 Social Security credits (5 years of work under Social Security) during the 10-year period ending with the quarter in which one becomes disabled." Doc. no. 5-3 at 4. Updated evidence showed that certain of Crosby's self-employment earnings from 2003 and 2004 were removed from his record. Consequently, Crosby did not have the required 20 credits on March 1, 2013. Instead, he last had the required credits on March 31, 2006. Because Crosby was not disabled on March 31,

2006, the Council determined that he was not entitled to disability benefits.

The notice of the unfavorable decision informed Crosby of the process necessary to seek review of the Final Decision. It explained that Crosby could only ask for court review by filing a civil action in the United States District Court for the judicial district in which he lives. The notice also stated that Crosby needed to file the action within 60 days after receiving the decision. Crosby was informed that he could ask the Council for an extension if he could not file for court review within 60 days. Crosby took neither action. Approximately seven years later, Crosby brought this suit in state superior court against the SSA, alleging that the SSA committed fraud in removing from his record his self-employment earnings from 2003 and 2004, which led to the termination of his disability benefits. The SSA removed the case to this court.[2]

---

[2] In his most recent addendum filed after the SSA's motion to dismiss, Crosby states that in addition to his claim for fraud, "[t]his is also a case of civil conspiracy" and "breach." Doc. no. 21, ¶¶ 11, 12. He does not allege adequately the elements of those claims and, viewed generously, they appear to be based on the same allegations as his fraud claim. Even if he had alleged additional claims, the court would dismiss those claims for the reasons stated below.

Discussion

The SSA moves to dismiss, arguing that the court lacks subject matter jurisdiction because Crosby initiated the action in state court. The SSA contends that judicial review of SSA cases involving disability insurance benefits must be brought in federal district court in the first instance. The SSA also argues that even if this court has jurisdiction, it should dismiss Crosby's complaint because his claim is barred by the applicable statute of limitations.

In his response to the SSA's motion ("objection"),[3] Crosby states that he does "not contest the final ruling related to [his] disability case." Doc. no. 11 at 1. He contends that instead he is bringing a claim for fraud under New Hampshire law, based on the SSA's actions in connection with his application for disability benefits. See id. at 1-2.

I. Challenge to the Final Decision

Despite Crosby's representation to the contrary in his objection, his complaint and objection demonstrate that he is

---

[3] Although Crosby's filing responded to the issues raised in the motion to dismiss, he titled the filing: "Motion to Amend Statement of Case." Doc. no. 11. He subsequently submitted various filings which, as discussed above, the court construes as addenda to the complaint. Therefore, the court construes document no. 11 as an objection to the SSA's motion to dismiss and considers the arguments therein in resolving the motion.

challenging the SSA's Final Decision. His complaint states that his disability claim was denied because of the SSA's allegedly fraudulent actions and complains that those actions "changed [his] insured date thereby making [him] no longer qualify for disability." Doc. no. 1-1 at 2; see doc. no. 21, ¶ 6 ("One year after [Crosby] applied for disability the SSA altered his work history in such a way as to push back his last insured date by seven years thereby making him no longer fully insured."). In his objection, he states that the "fraud that has been committed" is that the SSA altered his earnings and that his promised disability benefits were then taken away. Doc. no. 11 at 2.

Crosby's claim challenging the Final Decision cannot survive the SSA's motion to dismiss for two reasons. First, the court lacks subject matter jurisdiction because 42 U.S.C. § 405(g) requires a plaintiff to file any action seeking judicial review of a final social security benefits determination "in the appropriate district court, in general that of the plaintiff's residence or principal place of business." Weinberger v. Salfi, 422 U.S. 749, 764 (1975) (discussing the requirements of § 405(g)). Crosby filed this action in New Hampshire Superior Court, and the SSA's removal of the case to this court does not allow the court to acquire subject matter jurisdiction. See

Antonio M. v. Soc. Sec. Admin. Comm'r, No. 2:22-CV-00035-JDL, 2022 WL 2274864, at *2 (D. Me. June 23, 2022).

Second, even if the court did have jurisdiction, it would still dismiss the complaint because Crosby initiated this case after the expiration of the applicable statute of limitations period. As stated in the Final Decision and in § 405(g), a claimant seeking judicial review of a final SSA decision must file a court action or seek an extension from the Council within 60 days of receiving notice of the decision.

In his complaint and addenda, Crosby states that he did not receive notice of the Final Decision until recently. Specifically, he alleges that the SSA mailed the Final Decision to 717 Toulouse Street when he actually lived at 713 Toulouse Street and, therefore, he did not receive the decision when the SSA mailed it. He claims that he did not discover the decision until March 5, 2022.

Even if Crosby received notice of the Final Decision on March 5, 2022, as he claims, his challenge to the decision would be untimely. Crosby filed this action in superior court on May 13, 2022. See doc. no. 1-1 at 1, 3, 6. Thus, Crosby initiated this action 69 days after he allegedly received notice of the Final Decision, which is outside the 60-day limitations period established in § 405(g).

7

II. <u>Fraud</u>

Even if Crosby were not challenging the SSA's Final Decision and instead intended to bring a claim for fraud, the court would still dismiss his complaint. Putting aside that Crosby has not pleaded a fraud claim with particularity as required by Federal Rule of Civil Procedure 9(b), the court does not have jurisdiction over such a claim because the SSA has not waived its sovereign immunity with respect to that claim.[4]

Crosby asserts in his objection that he is alleging a claim for common law fraud under New Hampshire law. However, a plaintiff may not assert a state-law claim against the United States or its agencies unless the government has waived its sovereign immunity. Sanchez v. United States, 740 F.3d 47, 50 (1st Cir. 2014). The Federal Tort Claims Act ("FTCA") serves as a limited waiver of that immunity for torts committed by the federal government, its agencies, and employees and provides the exclusive remedy to compensate plaintiffs for such claims. Roman v. Townsend, 224 F.3d 24, 27 (1st Cir. 2000).

---

[4] As discussed above, the SSA argues that this court does not have subject matter jurisdiction, but it does so only in the context of Crosby's failure to file this case in federal district court. Nevertheless, it "is black-letter law that a federal court has an obligation to inquire sua sponte into its own subject matter jurisdiction." McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004).

8

Crosby's fraud claim against the SSA is based on allegations that the agency unlawfully altered his work history and past earnings, resulting in the termination of his disability insurance benefits. That claim cannot survive for two reasons.

First, Crosby's fraud claim against the SSA arises out of his efforts to recover social security disability benefits and, as such, it is barred by 42 U.S.C. § 405(h). That statute provides that "[n]o action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under [the FTCA] to recover on any claim arising under" Subchapter II of the Social Security Act, which provides for the payment of Social Security benefits. "The Supreme Court has broadly construed this provision to bar claims, even if they might be said to arise under other laws as well, when the plaintiff seeks to recover Social Security benefits and the Social Security Act 'provides both the standing and the substantive basis' for the claims." Agcaoili v. Thayer, 365 F. App'x 372, 375 (3d Cir. 2010) (quoting Weinberger v. Salfi, 422 U.S. 749, 760-61 (1975)). Thus, a district court lacks jurisdiction to consider fraud claims asserted against the SSA or an SSA employee and arising out of the alleged wrongful withholding of benefits. Agcaoili, 365 F. App'x at 375; Jensen

v. Rubin, No. 3:21-CV-482 (SRU), 2022 WL 119237, at *8 (D. Conn. Jan. 12, 2022) ("Under Section 405(h), Jensen cannot state a claim of fraud against the SSA for wrongful determination of overpayment leading to fraudulent recoupment."); Knight-Bey v. Bacon, No. 8:19CV330, 2020 WL 1929075, at *3 (D. Neb. Apr. 21, 2020) ("Plaintiff's fraud claims directly relate to the SSA's erroneous distribution of benefits. This is exactly the kind of claim 42 U.S.C. § 405(h) prohibits."), aff'd, No. 20-2011, 2020 WL 6743475 (8th Cir. Sept. 28, 2020); Papadopoulos v. Astrue, No. 10 CIV. 7980 RWS, 2011 WL 5244942, at *11 (S.D.N.Y. Nov. 2, 2011) ("Section 405(h) expressly forecloses FTCA claims against the Government under 28 U.S.C. § 1346 based upon the wrongful withholding of benefits under the Social Security Act.").

Second, even if § 405(h) did not foreclose Crosby's fraud claim, the court would still lack jurisdiction over the claim. 28 U.S.C. § 2680(h) provides that the FTCA does not waive sovereign immunity for torts "arising out of . . . misrepresentation" or "deceit." Thus, "any claim by [a] Plaintiff based on the state tort claim of fraud is excluded from the FTCA's limited waiver of sovereign immunity against a governmental agency such as the SSA." Jones v. Soc. Sec. Admin., No. 3:18-CV-1792-L, 2018 WL 5631504, at *2 (N.D. Tex. Oct. 31, 2018) (citing § 2680(h)).

10

For these reasons, the SSA is entitled to dismissal of Crosby's complaint.

III. Crosby's Available Options

Although Crosby cannot pursue his claims in this case, as the SSA notes in its reply memorandum, he may pursue his allegations of wrongdoing through other avenues. A claimant may ask the SSA to reopen a final determination or decision at any time in certain enumerated instances, including to correct errors made in the calculation of "self-employment income to individuals or periods . . ., which would have given him or her insured status at the time of the determination or decision if the earnings had been credited to his or her earnings record at that time . . . ." Id., § 404.988(c)(7). The SSA may also reopen a disability benefits decision at "any time if [i]t was obtained by fraud or similar fault." 20 C.F.R. § 404.988(c)(1). To the extent that Crosby seeks to challenge the SSA's actions with regard to his self-employment income for 2003 and 2004, he may consider asking the SSA to reopen his disability benefits case.

## Conclusion

For the foregoing reasons, the defendant's motion to dismiss (doc. no. 5) is granted. All other pending motions are

11

denied as moot. The clerk of court shall enter judgment accordingly and close the case.

    SO ORDERED.

                                /s/ SD Elliott
                                Samantha D. Elliott
                                United States District Judge

August 18, 2022

cc:   Richard S. Crosby, pro se
       Heather A. Cherniske, Esquire